1  WO

2

3

4

5

6              UNITED STATES DISTRICT COURT

7                   DISTRICT OF ARIZONA

8  Vianca Lizarraga,                    )
                                        )        CV 06-474 TUC DCB
9                  Plaintiff,           )
                                        )
10 v.                                   )
                                        )
   City of Nogales Arizona, and Ramon F. Borbon)
11 and Esmeralda Borbon, husband and wife,    )
                                        )        **ORDER**
12                 Defendants.          )
   ─────────────────────────────────── )

13

14         The Court finds that a Protective Order, an alternative in lieu of a general stay, will

15 protect the interests of all parties, including Defendants' Fifth Amendment rights.  Discovery

16 shall commence forthwith, pursuant to a case management Scheduling Order issued

17 simultaneously with this Order.

18                          <u>Motion to Reconsider</u>

19         On November 28, 2006, the Court received Defendants'[1] Motion for Reconsideration

20 of its Order filed on November 8, 2006, denying Defendants' Motion to Stay this action

21 pending the outcome of a related criminal case against Defendant Borbon.

22         "The purpose of a motion for reconsideration is to correct manifest errors of law or

23 fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909

24 (3d Cir. 1985).  A motion for reconsideration should not be used to ask a court "to rethink

25 what the court had already thought through--rightly or wrongly". *Above the Belt, Inc. v. Mel*

26

27 ─────────────────

28         [1]Defendant Borbon filed the Motion for Reconsideration and Defendant City of Nogales filed
   a Notice of Joinder.

*Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983); *see also, Refrigeration Sales Co. v. Mitchell-Jackson, Inc.*, 605 F. Supp. 6, 7 (N.D. Ill. 1983).

The Court ruled on the Motion to Stay prior to Defendants filing a Reply.  To some extent, the Motion to Reconsider served this purpose.  The Court allowed reconsideration and ordered the Plaintiff to file a Response.  The issue of the stay has now been fully briefed.

As this Court noted in its Order denying the stay: "It is not inherently unconstitutional ... to proceed with parallel civil and criminal proceedings." *Mainelli v. United States*, 611 F.Supp. 606, 615 (D.C.R.I.1985) (citing *United States v. Kordel*, 397 U.S. 1(1970)).[2]  The Court balances the following interests: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendant; (3) the convenience to the courts; (4) the interest of persons not parties to the civil litigation; and (5) the public interest.  (Order filed 11/8/06 at 2-3 (citing *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324-25 (9th Cir. 1995)).

"Alternatively, this [C]ourt may, in lieu of a general stay, impose protective orders, seal interrogatories, impose a stay for a finite period of time, or limit a stay to a particular subject matter. *Digital Equipment Corp. v. Currie Enterprises*, 142 F.R.D. 8, 13-14 (Mass. 1991) (citing *Securities & Exchange Commission v. Dresser Industries*, 628 F.2d 1368, 1375 (D.C.Cir.) (1980) (court may impose protective orders or postpone civil discovery in the interests of justice); *cf. United States v. Parcels of Land*, 903 F.2d 36, 44 (1st Cir.1990) (protective order prohibiting use of forfeiture claimant's deposition transcripts and interrogatories except for perjury and impeachment)).

When this Court ruled in November denying the stay, no alternatives were suggested or requested by the Defendants.  They simply asked to stay discovery in the civil case until

---

[2]The Supreme Court, in *Kordel*, allowed a prosecutor's use of evidence obtained from civil interrogatories in a related criminal case. In *Kordel*, there was little, if any, showing that the plaintiff was coercing civil discovery to obtain an advantage for the prosecution in the criminal case.

the criminal matter was concluded to protect their Fifth Amendment right against self-incrimination.  They expected the criminal matter to be resolved by early 2007.  Now, Defendants suggest an alternative limited 6-month stay.  They expect no more than 6 months before the criminal case is resolved.

The Court notes that Defendant Borbon was indicted at the time Defendants originally asked to stay this case, and then they anticipated the criminal matter would be resolved in early 2007.  Now in January of 2007, the anticipated resolution of the criminal matter is six months away.  The Court appreciates the Defendants' request to limit the stay to a finite period of time, but finds that this is not a viable limitation because it will likely necessitate repeated extensions.  Nevertheless, the Court agrees that some alternative measure, in lieu of a general stay, will protect Defendants' Fifth Amendment rights.

1.   The Plaintiff's Interests

As this Court noted when it denied the stay, delay will substantially prejudice the Plaintiff's interest in the speedy resolution of this case.  She is entitled to a speedy discovery process.  Memories become stale with the passage of time. Furthermore, the Plaintiff's financial and mental health needs favor speedy resolution of this matter.  Plaintiff's alleged mental instability favors speedy resolution of this matter while she is mentally capable and prepared to proceed.  Her attorney explains that proceeds from the settlement of another similar law suit against a school janitor[3] have been in large part expended on medical and mental-health related bills and attorney fees.

2.  The Defendants' Interests

Defendant Borbon argues that he will be forced to invoke his Fifth Amendment right to avoid testifying in the civil case to prevent "a prosecuting attorney waiting outside the

---

[3]The Court finds it inappropriate to consider the credibility of Plaintiff's charges as a factor for determining whether or not to stay this case.  Arguably, alleged prior sexual assaults might cast doubt upon  the credibility of her charges against Defendant Borbon, however, his semen was allegedly found on a towel at Plaintiff's apartment.

3

door for a copy of the transcript to use against him."  As he notes, the strongest case is made for a stay when a party is under indictment and must defend a criminal action involving the same matter as the civil case.   Additionally, he argues that staying the civil case will save the litigants and counsel's resources because his conviction may be used in the civil case and if he is found not guilty, the civil case will be quickly resolved.  He argues that there is no prejudice to the Plaintiff by waiting another 6 months because she waited over one-year before filing suit.  He asserts that there is plenty of discovery being done in the criminal proceeding that is being made available to the Plaintiff, which will prevent fading memories.

a. Fifth Amendment

Asserting a Fifth Amendment privilege may lead to an adverse inference by the finder of fact. Moreover, if Defendants do not assert the privilege, they risk having statements discovered in this case used against them in the criminal proceedings. *Digital Equipment*, 142 F.R.D. at 13.  "In a civil case, the finder of fact is not prohibited from making an adverse inference from a party's assertion of the fifth amendment privilege." *Id.* (citing *Baxter v. Palmigiano*, 425 U.S. 308, 317-18 (finder of fact may draw adverse inference at prisoner's disciplinary hearing); *Arthurs v. Stern*, 560 F.2d at 478 (fifth amendment does not bar adverse inference where privilege is claimed by party to a civil cause)).  Denying a stay forces a defendant to assert his Fifth Amendment right so that a plaintiff may preserve any right to a negative inference in the civil proceeding.  *In Re CFS-Related Securities Fraud Litigation*, 256 F. Supp.2d 1227, 1239 (Okla. 2003).

The Court is mindful of the Defendants' concerns caused by the overlap of the subject matter in this case with that of the criminal case. *See Mainelli*, 611 F.Supp. at 615 (risk of prejudice is high in parallel actions regarding same subject matter).  The "strongest case" for stay exists where a party is indicted for a serious offense and must defend a civil action involving the same matter. *Securities & Exchange Commission v. Dresser Industries*, 628 F.2d 1368, 1377 (D.C. 1980).

Here, the Plaintiff may have access to documents generated in the criminal case, such as the police reports made related to her alleged assault, however, there is no evidence of any communication or cooperation between the Plaintiff's civil attorney and the prosecuting attorney's office.  Although the plaintiff's interests may parallel those of the government in the criminal proceedings, there is no evidence of "bad faith or malicious government tactics." *Mainelli*, 611 F.Supp. at 615 (quoting *S.E.C. v. Dresser*, 628 F.2d at 1375-76).  Conclusory allegations of potential abuse or simply the opportunity for the plaintiff to exploit civil discovery are generally unavailing to support a motion for stay. *United States v. All Funds on Deposit*, 767 F.Supp. 36, 42 (E.D.N.Y.1991).  This is not a case where the civil Plaintiff is the same litigant as the criminal prosecutor, such as where the government brings a civil enforcement action against a defendant and also criminally prosecutes him.  Even in those instances, a court will utilize the least imposing methods, in lieu of a stay, to protect a defendant's Fifth Amendment rights. *See Digital Equipment Corp.*, 142 F.R.D. at 13-14 (discussing the conflicts between civil and criminal discovery).

3. Strained Financial Resources

The defendants further contend that it would be more financially economical to proceed in the criminal forum and then, if Defendant is found guilty there to proceed here. "Although proceeding in two forums may burden the defendants' finances, *Golden Quality Ice Cream Co. v. Deerfield Specialty*, 87 F.R.D. 53, 56 (E.D.Pa.1980), the strain upon the defendants' finances does not outweigh other interests that militate in favor of proceeding expeditiously. *See Paine, Webber, Jackson & Curtis, Inc. v. Malon S. Andrus, Inc.*, 486 F.Supp. at 1118-1119[4] (court rejected defendants' argument of limited financial resources)." *Id.* at 14.

---

[4]*Paine, Webber, Jackson & Curtis, Inc. v. Malon S. Andrus, Inc.*, 486 F.Supp. 1118 (N.Y. 1980).

5

Here, Defendants are represented by different counsel in the civil and criminal matters so the time spent by attorneys in the civil case will not detract from time spent in the criminal case.

4. Convenience to the Court

This court finds it more convenient to proceed in this matter. "Although resolution of the criminal proceedings may possibly obviate contentions in this proceeding, *United States v. Mellon Bank, N.A.*, 545 F.2d 869, 873 (3rd. Cir.1976), this court finds it unrealistic to rely upon fortuitous events to manage its docket." *Id.* "'[A] policy of freely granting stays solely because a litigant is defending simultaneous multiple suits interferes' with judicial administration." *Id.* (citing *Paine, Webber, Jackson & Curtis, Inc. v. Malon S. Andrus, Inc.*, 486 F.Supp. at 1119; *See Arden Way Assoc. v. Boesky*, 660 F.Supp. at 1497 (dicta that defendant cannot seek privileged status because of his own delinquencies and cannot use criminal charge as a shield against a civil suit)).

The standard for a conviction in a criminal case is "beyond a reasonable doubt" so while a conviction may result in Defendants immediately settling this case with the Plaintiff, a not guilty verdict will not establish the Defendants' civil liability, which will be determined here based on whether the evidence establishes that he more likely than not assaulted the Plaintiff.

5. Interests of Non-Parties and the Public's Interest

Plaintiff's financial dependency on the state and others favors expeditious resolution of this case. The public has an interest in both the prompt resolution of civil cases as well as the fair prosecution of criminal cases. *Digital Equipment Corp.*, 142 F.R.D. at 14-15 (citing *See United States v. Hugo Key And Son, Inc.*, 672 F.Supp. 656, 658 (D.R.I.1987) (administrative policy gives priority to public interest in law enforcement)).

/////

/////

Conclusion: Balancing the Interests

The Court, having balanced the interests at issue, determines that less drastic alternatives exist to protect the interests of all parties, including Defendants' Fifth Amendment rights, as follows:

> The court may seal depositions under Rule 30(d) which allows a court to "limit the scope and manner of the taking of the deposition as provided in Rule 26(c)". Subpoenas can be modified as provided under Rule 45(b), Fed.R.Civ.P. Moreover, this court may prohibit the use of depositions, interrogatories and affidavits except for the limited purposes of impeachment or perjury. See *United States v. Parcels of Land*, 903 F.2d 36, 44 (1st Cir.1990); see *Martindell v. International Telephone & Telegraph Corp.*, 594 F.2d 291 (2d Cir.1979) (depositions taken under court approved stipulation available only to parties and counsel and used only in the civil litigation); *cf. United States v. Parcels of Land*, 903 F.2d 36, 44 (1st Cir.1990) (protective order prohibiting use of forfeiture claimant's deposition transcripts and interrogatories except for perjury and impeachment); *see generally*, Paul K. Rooney and Joseph Diaz, Discovery in Civil RICO Actions, 141 Practicing Law Institute 169 (part IV(B) and cases cited therein); Judge Pollack supra note 9.

*Digital Equipment Corp.*, 142 F.R.D. at 15 n. 11.

The Court directs the parties to file a joint proposed protective order.

**Accordingly**,

**IT IS ORDERED** that the parties shall file a Joint Proposed Protective Order on or before **February 23, 2007**.

**IT IS FURTHER ORDERED** that the Motion to Reconsider (document 20) is GRANTED.

**IT IS FURTHER ORDERED** that this Court's denial of the Defendants' Motion for Stay is AFFIRMED.

**IT IS FURTHER ORDERED** that for the content of the proposed protective order, this court suggests that the parties review the authorities cited in the above quoted footnote from *Digital Equipment*.  The Court further suggests that the parties include the following language: "Nothing in this Order shall constitute a waiver of other objections which either party may have to discovery requests from the other party."

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IT IS FURTHER ORDERED** that to protect the interests of the parties against risks of accidental disclosure and to conserve scarce storage space and time of court personnel, that notwithstanding any provision or implication to the contrary, no document claimed to be subject to the Protective Order may be filed with the Clerk without advance approval in writing by the Court.  The Protective Order shall include this provision.

**IT IS FURTHER ORDERED** that the Court will reevaluate the situation if and when the balance of the burdens, both private and public, may militate in the Defendants' favor to a greater degree, such as at the time of trial.

**IT IS FURTHER ORDERED** that discovery shall commence in this case, pursuant to the case management Scheduling Order, issued simultaneously with this ruling.

DATED this 24th day of January, 2007.


David C. Bury
United States District Judge

8