WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Vianca Lizarraga,<br><br>　　　　Plaintiff,<br>v.<br><br>City of Nogales Arizona, and Ramon F. Borbon<br>and Esmeralda Borbon, husband and wife,<br><br>　　　　Defendants. | CV 06-474 TUC DCB<br><br>**ORDER** |

　　　　This case has been stayed since November 1, 2007, to allow a parallel criminal case to proceed to trial. The trial commenced on April 29, 2008, but ended in a mistrial. The trial has been reset for October 23, 2008.

　　　　On May 16, 2008, Defendant asked the Court to lift the stay and issue a scheduling order for this case to proceed. The Court lifted the stay on July 15, 2008, and asked the parties to file a joint proposed case management schedule for the case. The Joint Case Management Plan was filed on August 8, 2008. The parties estimate that discovery will take until July 31, 2009, with dispositive motions filed by August 14, 2008 and a Pretrial Order filed on August 30, 2009.

　　　　On July 30, 2008, the Plaintiff filed a Motion for Protective Order to restrict the use of discovery in this case from being used in the criminal case. Plaintiff submits that the grounds for the protective order are virtually identical to the reasons the case was previously stayed. Plaintiff noted that there has already been extensive briefing on the propriety of using civil discovery proceedings to advance interests in a simultaneous criminal matter. Plaintiff submits that the protective order is necessary to minimize the risk that "the rules and

policies applicable to one suit from doing violence to those pertaining to the other." (Motion at 3 (citing *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962)).

Plaintiff is correct that prior briefs have covered this question, but it was not the determinative reason this Court granted the stay in this case. Instead, this Court was persuaded by Plaintiff's assertion, supported by her treating psychiatrist, that her mental fragility prevented her from simultaneously participating here and in the criminal trial. Her psychiatrist believed that her ability to participate in the criminal case would be jeopardized if she was forced to proceed here in so close proximity to the criminal trial. This would of course jeopardize the criminal trial. The Court's last order extending the stay until the trial date in April made it quite clear that there would be no further extension of the stay if the criminal matter was again continued, because if the "Plaintiff's mental health [was] sufficiently stable to proceed in the criminal matter, it must be sufficiently stable to proceed here." The Court explained that if the criminal matter was not proceeding, this case would go forward. (Order, document 83, at 2.)

The Court applied a balancing test, weighing the advantages to the movant for the stay against the harm to others which would result from granting the motion. *See Federal Sav. and Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989) (setting out the five factors for consideration: (1) plaintiff's interests in resolving the civil case quickly; (2) the burdens a stay will impose upon the defendants; (3) the effect a stay will have on the courts; (4) third parties' interests; and (5) the public's interests). This same balancing is required in respect to the State's Motion to Stay, if the Court grants the State leave to intervene pursuant to Fed. R. Civ. P.24(b). The Court concluded that the mental and emotional harm to the Plaintiff, which would negatively impact the criminal trial, outweighed the disadvantage to the Defendant of not proceeding with the civil case.[1]

---

[1]When this case was initiated, Defendant answered and sought a stay due to 5th Amendment concerns, which the Court denied and instead issued a protective order. At that time, the Court balanced the Defendant's need for the stay against the Plaintiff's interest in

2

On August 18, 2008, the State filed a Motion to Intervene and Motion to Stay. The Defendant objects to the Motion to Intervene as untimely because the prosecutor has sat on the sidelines for almost two years regarding the need for a stay in this case. (Opposition to State at 3.) Rule 24 requires a timely motion and delay alone may merit a rejection. *Id.* at 4 (citing *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997); *Empire Blue Cross & Blue Shield v. Janet Greeson's A Place For Us, Inc*., 62 F.3d 1217, 1219 (9th Cir. 1995). These cases reflect situations where intervention was denied because it would delay a proceeding or cause re-litigation of issues already resolved by the parties, resulting in prejudice to the parties. In determining whether a motion for intervention is timely, we consider three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *County of Orange v. Air California,* 799 F.2d 535, 537 (9th Cir.1986). *Wilson*, 131 F.3d at 1302.

The Defendant submits, "the Court has already considered the prejudice to the Defendants and recognized this case has been pending for one and a half years with no active advancement by the Plaintiff." (Order filed March 12, 2008, at 2.) Defendant submits that he is defended under a reservation of rights insurance provision, which might be jeopardized depending on the outcome in the criminal case so he is prejudiced by not being allowed to depose key witnesses that are relevant to the civil case. (Opposition at 4.) As noted above, the interests balanced by the Court when it last stayed the case differ from those urged now.

While the State's silence unquestionably limited this Court's previous decision to stay to Plaintiff's assertion that she would not be able to hold-up under the strain of her responsibilities in the two proceedings, if forced to perform simultaneously, and this could certainly impact the criminal trial. This was enough to offset the prejudice to the Defendant when combined with the fact of a timely trial date in the criminal case. Additionally, the

---

proceeding and found that a protective order served both parties.

3

State's delay in seeking to intervene is understandable given the Court granted the Plaintiff's request and stayed the case.

The Court finds that intervention will not unduly delay or prejudice the adjudication of the original parties rights. First, there has been little discovery in the case as is reflected by the parties' request in the Joint Case Management Report for almost one year of discovery. The record reflects that the Defendant has been deposed, Plaintiff has submitted to an Independent Medical Examination (IME), and her medical records have been disclosed. None of this will have to be redone because of the State's intervention nor will the State's intervention delay future discovery in the case because it intervenes for the sole purpose of securing the stay and will not be participating in the civil case. It is the stay that will delay the case, not the intervention.

Having found the request to intervene timely and that intervention will not delay the case, the Court also finds that the State meets the procedural requirements of permissive intervention under Fed. R. Civ. P. 24(b) because there are many common questions of law and fact in the civil and criminal cases. In both cases, the question is whether or not the Defendant raped the Plaintiff, and the defense is that the two had consensual sex.

Because the Court grants the State's intervention, the Court considers the merits of the State's request for a stay. Here, the commonality between the two cases is the most important factor in deciding whether or not to stay this case. A conviction in the criminal case may work an estoppel in favor of the Plaintiff in a subsequent civil case, but if she proceeds to judgment here first, there is the threat of inconsistent judgments. *See SEC v. Nicholas*, 2008 WL 2977480, * 4-5 (9th Cir. August 4, 2008) (discussing parallel civil and criminal proceedings and collateral estoppel); *see also* (Plaintiff's Reply at 1-2 (discussing Full Faith and Credit Act, 28 U.S.C. § 1783, which requires federal courts to give the same preclusive effect to state court judgments as given in the state courts and A.R.S. § 13-807 providing for issue preclusion) (citations omitted).

A criminal Defendant does not need the wide-ranging civil discovery rules to launch a full and fair defense. *Id.* at *5. "'The criminal rules of discovery were not designed with the intention of stymieing a defendant's ability to mount a complete defense.'" *Id.* (quoting *SEC v. Downe*, 1993 WL 22126, at *12-13 (N.Y. January 26, 1993)). "Rather, they are purposefully limited so as to prevent perjury and manufactured evidence, to protect potential witnesses from harassment and intimidation, and to level the playing field between the government and the defendant, who would be shielded from certain discovery by the Fifth Amendment." *Id.* (citing *Campbell v. Eastland*, 307 F.2d 478, 487 ( n.12 (5th Cir. 1962)).

This case is a good example of how that balance can be upset when civil discovery finds its way into a criminal case. Here, the Plaintiff's medical records discovered in the civil case are now being used in the criminal case by the State to establish that Plaintiff did not consent to sex with the Defendant and being used by the Defendant to prove the Plaintiff is lying and to charge the prosecuting attorney with soliciting perjured testimony from the Plaintiff.

The discovery in the civil case is voluminous and complex, involving both medical records and medical and mental health expert opinions. Already, the criminal court is being forced to consider the relevancy and admissibility of medical records and the IME in the criminal case. The State alleges that normally the Victim's Bill of Rights protects a crime victim from being forced to disclose records of medical treatment to a Defendant. (Motion for Stay at 7 (citing Ariz. Const. Art. 2, § 2.1(A)(5)). In an Arizona criminal case, a Defendant is entitled to disclosure of the type he secured here through the civil proceeding, only after a Rule 15.1(g) hearing, where he would have to show a substantial need for the records that at least potentially reaches a constitutional dimension and that it would be an undue hardship for him to get evidence that is the substantial equivalent by another means. He would have to present a sufficiently specific basis to believe that there is a reasonable possibility that he is entitled to records as a matter of due process, and then the trial court

would conduct an *in camera* review of the documents before deciding which if any documents to disclose. *Id.* at 7-8 (citations omitted).

The district court has discretion to stay a civil action in favor of parallel criminal proceedings if a stay is in the interest of justice. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). Given the criminal trial is set for October, 2008, the Court finds that staying the civil proceedings is the most prudent course under the circumstances as outlined by the State. The criminal proceeding is of paramount importance to the victim, the Defendant, the public, and the courts. The simultaneous prosecution of the two cases will undermine the public's interest in a fair and efficient prosecution of its criminal laws, distract the parties and the court involved in the criminal proceeding from preparing the criminal case and divert the trial courts' attention with burdensome discovery litigation and unnecessary law and motions.

**Accordingly,**

**IT IS ORDERED** that the State's Motion to Intervene and Motion for a Stay (document 96) is GRANTED.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for a Protective Order (document 89) is DENIED AS MOOT.

**IT IS FURTHER ORDERED** that the State shall keep the Court informed regarding the status of the criminal proceeding regarding any continuances, when it commences, and its conclusion.

DATED this 27th day of August, 2008.

David C. Bury
United States District Judge